**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO.  3:15-CV-634-RLV-DCK**

| | | |
|---|---|---|
| **ANGELINE GAINEY, o/b/o J.G., a minor child** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,[1]** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS  MATTER  IS  BEFORE  THE  COURT  on Plaintiff's "Motion  For  Summary Judgment"  (Document No. 13) and the "Commissioner's Motion For Summary Judgment" (Document No. 15).  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B).  After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied;  that the "Commissioner's Motion For Summary Judgment" be granted;  and that the Commissioner's decision be affirmed.

## I.      BACKGROUND

Angeline Gainey ("Ms. Gainey"), on behalf of her minor child J.G. ("Plaintiff"), and with the assistance of counsel, seeks judicial review of an unfavorable administrative decision on Plaintiff's application for disability benefits.  (Document No. 1).

---

[1]  Nancy A. Berryhill became Acting Commissioner of Social Security on January 23, 2017.  The Clerk is directed to substitute Nancy A. Berryhill for Carolyn W. Colvin as Defendant in this matter.  See Fed. R. Civ. P. 25(d);  see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

On May 29, 2007, an application for supplemental security income was filed on behalf of Plaintiff, alleging a disability onset date of October 3, 2003. (Tr. 89). That original claim was denied initially on October 11, 2007, and upon reconsideration on April 22, 2008. Id. Following a hearing on May 26, 2009, where Plaintiff was represented by counsel, Administrative Law Judge Frank D. Armstrong issued a decision on October 16, 2009, finding that Plaintiff was not disabled pursuant to the Social Security Act. (Tr. 89-99).

On or about December 7, 2010, Plaintiff filed another application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383 (c)(3), alleging a disabling condition beginning on October 3, 2003. (Transcript of the Record of Proceedings ("Tr.") 23). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on May 19, 2011, and again after reconsideration on November 10, 2011. (Tr. 144, 157). In its most recent "Notice of Disapproved Claim," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that he is disabled because of developmental delays, skeletal deformities, achondroplasia, femoral anteversion and tibia torsion.
> The medical evidence shows that his condition is not severe enough to be considered disabling. In making this determination, we have considered his condition, and we have determined that it **does not result in marked and severe functional limitations**. It has been decided, therefore, that he is not disabled according to the Social Security Act.
>
> **The <u>Albright</u> court case decision was applied in deciding this case**. This means that the prior Administrative Law Judge decision has been reviewed and evaluated as evidence. The findings of the ALJ have been weighted accordingly in making the decision on the current claim.

(Tr. 157) (emphasis added).

Plaintiff filed a timely written request for a hearing on or about December 20, 2011. (Tr. 23, 135, 166). However, Plaintiff later withdrew the request for a hearing on March 21, 2013, and Administrative Law Judge Sara L. Alston issued an "Order Of Dismissal" on March 22, 2013. (Tr. 135) (citing Tr. 157). The Appeals Council subsequently vacated the dismissal at Plaintiff's request, and on June 28, 2013, remanded the case for further proceedings. (Tr. 136-138).

On January 30, 2014, Plaintiff J.G. and Ms. Gainey appeared and testified at a hearing before Administrative Law Judge Sara L. Alston (the "ALJ"). (Tr. 23, 47-85). In addition, Ms. Lane, Plaintiff's biological grandmother, appeared as a witness. (Tr. 48-49). Plaintiff waived the right to formal representation at the hearing. (Tr. 50-51).

The ALJ issued an unfavorable decision on June 24, 2014, denying Plaintiff's claim. (Tr. 20-39). Notably, the first item on the "List Of Exhibits" attached to the ALJ's decision is the "ALJ Decision – Prior" dated October 13, 2009. (Tr. 40). On August 19, 2014, Plaintiff filed a request for review of the ALJ's decision. (Tr. 19). After reviewing the entire record, the hearing recording, and new and material evidence, the Appeals Council affirmed the ALJ's decision on November 5, 2015. (Tr. 1-8). The June 24, 2014 ALJ decision thus became the final decision of the Commissioner when the Appeals Council affirmed the ALJ's decision. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on December 30, 2015. (Document No. 1). On March 4, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 13) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 14) were filed June 15, 2016; and the "Commissioner's Motion For Summary Judgment" (Document No. 15) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary Judgment"

(Document No. 16) were filed August 10, 2016. Plaintiff declined to file a response/reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

4

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 7, 2010, and the date of her decision.[2]  (Tr. 23, 38).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

A child is considered disabled for SSI purposes only if the child suffers from a "medically determinable physical or mental impairment, which results in marked and severe functional limitations" and which lasts for a period of not less than 12 months.  Jones ex rel. S.F. v. Astrue, 2009 WL 1911691, at *2 (E.D.N.C. June 30, 2009) (quoting 42 U.S.C. § 1382c(a)(3)(C)(i)).  In determining whether or not a child claimant is disabled, the ALJ follows a three-step sequential process.  The ALJ must determine whether the claimant:  (1) is engaged in substantial gainful activity;  (2) has a severe impairment;  and  (3) has an impairment that meets or equals a listed impairment as set out in the Listings in Part B, Appendix 1 of Subpart P.  See 20 C.F.R. § 416.924(a).

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

If, however, an ALJ determines that a claimant's impairments do not meet the severity of any listed impairment, she/he must then determine whether or not the claimant's impairments result in limitations that functionally equal the listings, by assessing the degree of functional limitation in six domains of functioning. 20 C.F.R. § 416.926a. The limitations that result from a child's impairments must be evaluated against those domains. 20 C.F.R. § 416.924a(b)(1)(i-vi). The six domains of functioning are: "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for [one]self; and (vi) Health and physical well-being." Moore ex rel. S.N.M. v. Colvin, 2014 WL 2881620, at *1 (M.D.N.C. June 25, 2014) (quoting 20 C.F.R. § 416.926a(b)(1)). The child's impairment(s) must result in "marked" limitations in two domains of functioning or a "severe" limitation in one domain. 20 C.F.R. § 416.926a(a); see also, McMahan ex rel. A.C.M. v. Barnhart, No. 1:04-CV-216-DLH, 2006 WL 543552, at *4 (W.D.N.C. Apr. 17, 2006). "A 'marked' limitation 'interferes *seriously* with [a child's] ability to independently initiate, sustain, or complete activities.'" Jones ex rel. B.J. v. Astrue, 2012 WL 1267875 at * 6 (M.D.N.C. Apr. 16, 2012) (quoting 20 C.F.R. § 416.926a(e)(2)(i)).

If the claimant's case fails at any step, the ALJ does not go any further and benefits are denied. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995); 20 C.F.R. § 416.924(a).

In this case, the ALJ determined at Step 1 that J.G. was a school-age child and that he had not engaged in substantial gainful activity. (Tr. 26). At the second step, the ALJ determined that J.G. had the following severe impairments: learning disorder, arthropathies, achondroplasia with spondylometaphseal, coxa vera, and developmental delays. Id. At the third step, the ALJ determined that Plaintiff J.G. did not meet a disability listing. Id. The ALJ then proceeded through the functional domains for severity equaling and found that J.G. had some, but less than marked

6

limitation, in all of the functional domains.  (Tr. 33-38).  The ALJ concluded that J.G. did not meet the requirements for child SSI, and thus was not under a "disability," as defined by the Social Security Act, at any time between December 7, 2010, and the date of her decision, June 24, 2014. (Tr. 23, 38-39).

**Assignment of Error**

Plaintiff on appeal to this Court contends that the ALJ erred by allegedly failing "to consider and assign weight to the findings in the ALJ decision on Plaintiff's prior claim." (Document No. 14, pp.4, 8-9).  Specifically, Plaintiff argues that ALJ Alston failed to consider the findings of ALJ Armstrong's October 16, 2009 decision regarding J.G.'s prior child SSI claim. (Document No. 14, p.5) (citing Tr. 86).  Plaintiff asserts that the Fourth Circuit has dictated "that when rendering a decision in a subsequent claim, the ALJ must consider a prior final decision of the Commissioner as evidence and assign appropriate weight to its findings in her own subsequent decision."  Id.  (citing <u>Albright v. Commissioner of Social. Sec. Admin.</u>, 174 F.3d 473, 477 (4th Cir. 1999) and Acquiescence Ruling ("AR") 00-1(4), 2000 WL 43774 (S.S.A. Jan. 12, 2000)).

Plaintiff observes that "in the previous decision, ALJ Armstrong found that J.G. had marked limitation in his ability to care for himself, noting that 'the claimant's mother testified that [he] has difficulty dressing and caring for his personal needs."  (Document No. 14, p.5) (quoting Tr. 98).  "ALJ Alston, however found that J.G. had less than marked limitation in caring for himself."  <u>Id.</u> (citing Tr. 37).

Plaintiff contends that the "SSA must produce substantial evidence of improvement before it can find higher functioning in that domain, such as less than marked."  (Document No. 14, pp.5-6) (citing <u>Albright</u>, 174 F.3d at 477) (citing <u>Lively v. Secretary of HHS</u>, 820 F.2d 1391 (4th Cir. 1987)).  Plaintiff concludes that the ALJ did not justify her finding of a lesser limitation in J.G.'s

ability to care for himself because she "never considered and assigned weight to Armstrong's findings from the previous decision." (Document No. 14, p.6).

In response, Defendant contends that the ALJ's failure to explicitly assign weight to the 2009 ALJ decision was harmless error. (Document No. 16, p.4). Defendant argues that "[a]n error is harmless unless the plaintiff can show that remand would change the outcome of the ALJ's ultimate decision." Id. (citing Shinseki v. Sanders, 556 U.S. 396, 409–10 (2009) (stating that the party attacking the agency determination normally bears the burden of showing that an error was harmful); Garner v. Astrue, 436 Fed. Appx. 224, 226 n.* (4th Cir. 2011) (applying the Sanders harmless-error standard in a Social Security-disability case); Mullinax v. Colvin, No. 5:13-CV-169-GCM, 2014 WL 6997766, at *4 (W.D.N.C. Dec. 10, 2014) ("Harmless error results when there is a showing that evidence, even when properly considered by the ALJ, would not result in a different decision.").

Defendant presents two compelling reasons the ALJ's failure to consider the 2009 decision was at most harmless error. (Document No. 16, pp.5-8). First, Defendant argues that consideration of the 2009 decision would not result in a different decision because that decision assessed Plaintiff J.G.s functional ability to care for himself against different regulatory benchmarks. (Document No. 16, p.5). Specifically, in 2009, J.G. was a preschooler and was measured against other preschoolers. (Document No. 16, p.6); see also (citing Tr. 96-97). During the period applicable to the decision now being appealed, J.G. was a school-age child and assessed according to the regulatory benchmarks for a school-age child. Id.; see also (Tr. 36-37). Defendant concludes that since the 2009 decision applied different regulatory benchmarks (appropriate for a preschooler), it would have been inappropriate for the ALJ in 2014 to adopt, or afford great weight to, the analysis in the 2009 decision. (Document No. 16, pp.6-7) (citations omitted). In fact, Defendant argues

8

that the ALJ would have erred if she adopted or afforded great weight to the 2009 decision examining a different age category. (Document No. 16, p.7).

Next, Defendant asserts that any error here is harmless because in 2009, the ALJ only found that J.G. had a marked limitation in his ability to care for himself, and less than marked limitation in all other domains. (Document No. 16, p.7) (citing Tr. 94-99). A child's impairments functionally equal the listings *only* if he or she has a "marked" limitation in *two* domains, or an "extreme" limitation in *one* domain. Id. (citing 20 C.F.R. § 416.926a(a)). As such, even if the ALJ had relied on the 2009 decision and concluded that J.G. had a marked limitation in caring for himself, he still would have had a marked limitation in only *one* domain, and thus, would still not be considered disabled. Id.

The undersigned finds Defendant's arguments persuasive. As stated above, even *if* Plaintiff J.G. was determined to have a marked limitation in one domain, such as caring for himself, he still would not have been found to be disabled – neither ALJ reviewing this case (or the SSA) found that J.G. had a marked limitation in two domains, or a severe limitation in any one domain. (Tr. 89-99, 23-39); see also, 20 C.F.R. § 416.926a(a). As noted above, Plaintiff has declined the opportunity to file a brief in response/reply, by which he might have attempted to refute Defendant's harmless error contention and to describe how the outcome would be different on remand. See (Document No. 16, p.4).

Regarding the Albright decision, the Fourth Circuit also opined that

> Although we might state with some assurance that a claimant's condition very likely remains unchanged within a discrete two-week period, we would grow ever less confident as the timeframe expands. Where, as here, the relevant period exceeds three years our swagger becomes barely discernible.

9

Albright, 174 F.3d at 477 (citing Rucker v. Chater, 92 F.3d 492, 495 (7th Cir. 1996) (in light of a four-year interval between applications, differing conclusions concerning the claimant's residual functional capacity were "entirely plausible")).

The instant case is more like Rucker, in that there was an interval of four (4) years and eight (8) months between ALJ Armstrong's October 16, 2009 decision and ALJ Alston's June 24, 2014 decision. Moreover, as aptly noted by Defendant, not only had a significant amount of time passed, but ALJ Armstrong and ALJ Alston were assessing J.G.'s functional abilities against different regulatory benchmarks. See (Document No. 16, p.5) (quoting 20 C.F.R. § 416.926a) ("the Commissioner 'will look at how appropriately, effectively, and independently you perform your activities *compared to the performance of other children your age* who do not have impairments.'").

The undersigned also observes that both of Plaintiff's "Notice of Disapproved Claims" issued by the SSA explicitly stated that: "[t]he **Albright court case decision was applied in deciding this case**." See (Tr. 144 and 157) (emphasis added). The SSA's determination, affirmed by the ALJ, appears to be consistent with the Acquiescence Ruling relied upon by Plaintiff. See AR 00-1(4), 2000 WL 43774, at *4 ("SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period.").

## IV.    CONCLUSION

Based on the foregoing, the undersigned is not convinced that Albright requires remand under the circumstances of this case. Moreover, the ALJ's decision appears to be quite thorough and relies on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Thus, substantial evidence supports the Commissioner's decision. Richardson v.

Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); (Tr. 23-39). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 13) be **DENIED**; the "Commissioner's Motion For Summary Judgment" (Document No. 15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 10, 2017

David C. Keesler
United States Magistrate Judge